## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

LESLIE LAFEVER MILLER
REG.#20993-075                                                                                           PETITIONER

VS.                             2:16CV00084 BSM/JTR

T C Outlaw, Director,
Warden, FCI-Forrest City                                                                             RESPONDENT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Discussion

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Leslie Lafever Miller ("Miller"). *Doc. 1*. On June 3, 2016, Miller filed a Petition asserting habeas claims challenging a February 28, 2014

disciplinary conviction he received while incarcerated at FCI Forrest City, Arkansas.[1]

While Miller attacks a disciplinary conviction he received at FCI Forrest City in 2014, he was incarcerated at FCI Talladega, Alabama, when he initiated this habeas action.[2] *Doc. 1 at 2*. A petitioner proceeding under 28 U.S.C. § 2241 must file the petition in the district of the petitioner's custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426 (2004) (the proper respondent in a habeas action is the petitioner's "immediate custodian" at the time of filing); *see also Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) ("Jurisdiction over a § 2241 petition is determined at the time of filing of the petition."); *Harris v. Driver*, 2008 WL 454232, *2 at n.2 (N.D. W. Va. 2008) (a § 2241 petitioner attacking a disciplinary conviction that he received at a BOP prison in California properly filed the habeas action in federal court in West Virginia because he was incarcerated at a BOP prison in West Virginia when he filed the petition).

Accordingly, this Court lacks jurisdiction and recommends that this habeas action be transferred to the district where Miller is currently incarcerated.

---

[1] Miller alleges that his disciplinary conviction resulted in the loss of 41 days of good time credit. Habeas corpus is an inmate's exclusive remedy in federal court for challenging disciplinary convictions which result in the loss of good-time credits and affect the length of an inmate's confinement. *See Portley-el v. Brill*, 288 F.3d 1063, 1066 (8th Cir.2002); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

[2] According to the BOP's website "inmate locator," Miller remains incarcerated at FCI Talladega.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this habeas action be TRANSFERRED to the United States District Court for the Northern District of Alabama.

DATED this 8th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE